**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **MISSOURI CITY GIFTS, INC.,** § | |
|  D/B/A Cindie's,  a  Texas Corporation § | |
| § | |
| § | |
| **Plaintiff** § | |
| § | **CIVIL ACTION NO.** |
| **vs.** § | |
| § | |
| **THE CITY OF MISSOURI CITY , TEXAS** § | |
| § | |
| § | |
| **Defendant.** § | |
| § | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

Plaintiff brings this suit pursuant to 42 U.S.C. §1983, seeking declaratory, injunctive and other relief against Article V, Chapter 18, §18-701 of the Missouri City Code of Ordinances and the implementation of the definition contained in §4(53) of the Missouri City Zoning Ordinance regarding sexually oriented businesses, together with certain policies and practices of the City of Missouri City seeking to enforce those provisions against Plaintiff. Plaintiff also seeks a declaratory judgment declaring such ordinance, policies and practices  as applied to Plaintiff, to be  unconstitutional actions under the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

1.     This suit is brought pursuant to 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress...

2.      This Court has "Federal Question" jurisdiction pursuant to 28 U.S.C. §1331 to hear

cases arising under the Constitution of the United States, pursuant to 28 U.S.C. §1343(3)

to redress the deprivation under color of state law of any right, privilege or immunity

secured by the Constitution, and under 28 U.S.C. §1343(4) to secure equitable or other

relief for the protection of civil rights.

3.      The Court has the authority to issue declaratory judgments pursuant to 28 U.S.C.

§§2201 and 2202, and Rule 65 of the Federal Rules of Civil Procedure.

4.      This Court also has jurisdiction to grant equitable relief for violation of civil rights

and liberties pursuant to 42 U.S.C. §1983.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. §1367

6.      The Court may enter an award of attorney's fees and costs pursuant to 42 U.S.C.

§1988.

7.      This Complaint seeks declaratory and injunctive relief to prevent violations of the

Plaintiff's rights, privileges and immunities under the Constitution of the United States and

Title 42 U.S.C. §§ 1983 and 1988, specifically seeking redress for the deprivation under

color of state statute, ordinance, regulation, custom or usage of rights, privileges, and

immunities secured by the Constitution and laws of the United States. The rights sought to

be protected in this cause of action arise and are secured under the First and Fourteenth

Amendments to the Constitution.

8.     This action seeks a judicial determination of issues, rights and liabilities embodied in an actual and present controversy between the parties involving the constitutionality of certain Ordinances and policies of the Defendant. There are substantial *bona fide* doubts, disputes, and questions that must be resolved concerning the Defendant's actions taken under color and authority of "state" law and procedures, in violation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

## VENUE

9.     Venue is proper in the Southern District of Texas, Houston Division, since the laws and policies complained of are those of Missouri City, Texas, which is within the district and geographical area assigned to the Houston Division.

## PARTIES

10.     Plaintiff MISSOURI CITY GIFTS, INC., is a Texas for profit Corporation, registered with the Texas Secretary of State to do business in Texas under the trade name Cindie's. Plaintiff has leased space at 6302 Highway 6, Suite A, Missouri City Texas. Plaintiff applied for and received all necessary building permits from the City of Missouri City and passed all necessary inspections conducted by Missouri City. Plaintiff expected to open for business in this location in mid-December 2021 but was denied an occupancy permit at the last minute, based on Defendant's improper determination that Plaintiff was a sexually oriented business and as such, not permitted to operate in the retail zone where its leasehold was located. Plaintiff is the entity beneficially interested in the relief herein sought and seeks to invoke the original jurisdiction of this Court on account of the facts and matters herein stated.

11.     Defendant, CITY OF MISSOURI CITY, TEXAS ("Missouri City") is a home rule city, located in Harris and Fort Bend Counties, Texas. Service of Process may be had on the City Secretary, located at City Hall, 1522 Texas Parkway, Missouri City, Texas 77489.

## COLOR OF STATE LAW

12.     As a political subdivision of the State of Texas, organized and operating under the laws of the State of Texas, Defendant Missouri City and its agents, were, and are, acting under color of state law and authority.

## FACTS

13.     Plaintiff intends to operate a commercial retail store which sell a variety of clothes, lingerie, jewelry, accessories, novelty items  and other merchandise, some of which is sexually explicit. The clothes and accessories consist of lingerie, dance wear, "club wear", costumes, pajamas, and intimate apparel.

14.     The accessories include such items as shoes and handbags. Plaintiff also sells body lotions, perfumes, bath products, condoms and essential herbal oils and fragrances.

15.      Plaintiff also sells a variety of bachelor and bachelorette gifts and novelties and gag gifts.  In addition, Plaintiffs sell a modest amount of adult merchandise including sexually explicit DVDs, and a variety of adult toys and novelties (some of which are designed to stimulate human genitalia).

16.     Plaintiff can be categorized as a boutique shop similar to Victoria's Secret, Frederick's of Hollywood, Spencer's Gifts and similar retail stores, albeit with some additional products catering to the interests of adult shoppers. [1]

---

[1] Plaintiff is part of group of retail brick and mortar establishments operating under the Cindie's name. Cindie's has over 30 locations throughout Texas and Louisiana. Although most of these stores are located in places with sexually oriented business ordinances, which are very similar to the one at issue in Missouri City, none of them has been classified as a sexually oriented business.

17.     Plaintiff offers no live entertainment of any kind at its store and has no viewing booths for film or other media.

18.     Less than 20% of Plaintiff's inventory can be considered "adult oriented" and an even smaller portion of this 20% could be considered sexually explicit or designed to stimulate human genitalia.

19.     Similarly, adult oriented products comprise only about 25% Plaintiff's interior business floor and sales/display space. The vast majority of its display and store floor space are devoted to items and products that can be found in large retail stores such as Target and Wal-Mart.

20.     Although Plaintiff has not yet been able to open it's location in Missouri City, Cindie's stores located in other areas near Houston, most of which have sexually oriented business (SOB) ordinances similar to the Defendant's, such as The Woodlands, Conroe, Katy and Clear Lake, and who carry substantially similar inventory, do not derive more than 25 % of their revenue from products that have been defined as sexually oriented under the various SOB ordinances in place at these locations.

21.      Cindie's has over thirty (30) stores in operation throughout Texas and Louisiana and none of these stores has been classified as a sexually oriented business in relation to any zoning requirements nor have any been required to obtain an SOB license in order to operate.

22.     Defendant Missouri City defines sexually oriented businesses in Chapter 18, Article V, Section 18-701 of its Code of Ordinances. A copy of this Ordinance is attached hereto as Exhibit 1.

23.     Plaintiff offers no live entertainment of any kind at its store, does not exhibit or show any films or videos and has no viewing booths for films or other media.

24.     Accordingly, Plaintiff cannot be considered an adult cabaret, adult modeling studio, adult motel, adult movie theater, adult video arcade or escort agency, as those terms are defined in Section 18-701 of the Missouri City Code of Ordinances.

25.     Section 18-701 defines an adult bookstore, adult novelty store or adult video store as a " commercial establishment which has a significant or substantial portion of its stock in trade, or which derives a significant or substantial portion of its revenues or devotes a significant or substantial portion of its interior business or advertising or maintains a substantial section of its sales or display space for sale or rental, or any form of consideration, on any one or more of the following:

> (1) Books, magazines, periodicals or other printed matter or photographs, films, motion pictures, video cassettes, compact discs, slides or other visual representations, which are distinguished or characterized by their emphasis upon the depiction, display, touching of human genitals, pubic regions, buttocks, anus of female breasts or the acts of sexual intercourse, masturbation, oral copulation, sodomy or the simulation of the performance of a sex act.
> (2) Instruments, devices, paraphernalia, or other novelty that are designed for use or marketed primarily for stimulation of human genital organs or for sadomasochistic use.

26.     Defendant's ordinance does not define the words "substantial" or "significant."

27.     Absent a specific definition, the words "significant" and "substantial" must be read in context and construed in accordance with ordinary and customary usage.

28.     Plaintiff was aware of the SOB section of Defendant's municipal code as well as the zoning provisions contained in Appendix A- Section 4 (53) and Section 7.12 that identified various retail districts and restricted the types of retail establishments that can

operate in them. A copy of the relevant portions of the Missouri City Zoning Ordinance are attached as Exhibit 2.

29.     Before signing the lease at 6302 Highway 6, Suite A, Missouri City, Texas, Plaintiff spoke with and corresponded with various Missouri City officials, including Jennifer Thomas-Gomez, Defendant's Director of Development Services Department, regarding the nature of the proposed business, the type of inventory that it would carry as well as identifying other Cindie's locations that operated nearby so that Defendant could view and visit an operational establishment.

30.     As it has done in all other locations, Plaintiff filed an application for building and occupancy permits that identified the use of the store to be "retail- lingerie."[2]

31.     Plaintiff was aware that the proposed location was zoned to an area that did not permit sexually oriented businesses.

32.     Plaintiff was completely transparent about the nature of its business and was advised by Defendant's officials that they could proceed with their lease and buildout.

33.     Plaintiff proceeded with its build out and by December 2021, it had obtained approval on all its inspections, including the Fire Marshall's inspection that cleared the store for issuance of its Certificate of Occupancy.

34.     On or about December 23, 2021, Plaintiff was notified by Ms. Thomas-Gomez that a "city inspector" had observed a "substantial amount" of instruments, paraphernalia and novelty items on display, that someone determined were designed for use primarily for stimulation of the human genitals.

---

[2] On or about August 30, 2021, Plaintiff's builder initially filed the application and incorrectly listed "adult novelty store" as the proposed use. On or about September 10, 2021, after discussions with Ms. Thomas-Gomez, the application was corrected to read "retail-lingerie."

35.     Plaintiff immediately met with Ms. Thomas- Gomez and explained that Cindie's only carried a very limited amount of such items and provided an inventory list that identified all items sold in the store by category.

36.     Items that could possibly be categorized as "instruments, paraphernalia and novelty items that are designed primarily for stimulation of human genitals" made up less than 16%-20% of the overall inventory.

37.     Plaintiff received a letter from Ms. Thomas-Gomez dated December 30, 2021 that stated that Plaintiff's proposed store was a sexually oriented business and its current location in an LC-3 retail zone did not permit such businesses so the Defendant would not be issuing a certificate of occupancy or certificate of zoning compliance. See letter attached hereto as Exhibit 3.

38.     Plaintiff made numerous requests for Defendant to come to the store itself and identify the products it found objectionable so modifications could be made.

39.     All requests were ignored. Defendant refused to clearly identify the products in question, refused to clarify or identify how they were quantifying the terms "significant" and "substantial" in their application of the SOB definition and also refused to consider any type of modification of the inventory so Plaintiff could open its business.

40.     When asked about the basis for the decision, Plaintiff was told that it was a "collective" decision made by Ms. Thomas-Gomez, Charles Jackson, the City Manager and E. Joyce Iyamu, City Attorney.

41.     On January 6, 2022, Counsel for Plaintiff wrote to these City Officials, again to request a meeting to clarify how it was determined that Plaintiff was an adult novelty store

as defined by the SOB ordinance and to discuss how to address the Defendant City's concerns. See Letter to E. Joyce Iyamu attached hereto as Exhibit 4.

42.     Counsel for Plaintiff received a letter dated January 14, 2022, denying any request for a meeting and  asserting that the inventory list did not take into account items such as "lotions" that were used for genital stimulation.[3]  Defendant further asserted that items available for sale on a Cindie's website, which is operated by a different entity than Plaintiff corporation, is not connected to Plaintiff and carries items which are **not** for sale in the Missouri City store or other brick and mortar locations, somehow constituted "advertising" attributable to Plaintiff's brick and mortar location. Despite making it clear that there was no mention of Plaintiff's store on the site, nor were any items purchased on the website available to be returned to the store, Defendant continued to reference the website as the basis for its determination that Plaintiff's business was an SOB and therefore not properly zoned. See Letter dated January 14, 2022, attached hereto as Exhibit 5.[4]

43.     Even if Plaintiff agreed with Defendant's characterizations of some of the products it sold, which it clearly does not, no clear explanation of what percentage of Plaintiff's inventory was considered to be "significant" or "substantial" was ever provided.

44.     Plaintiff advised Defendant that the website in question was part of a separate corporate entity, was operated and managed by a separate entity, did not share any revenue with Plaintiff, did not advertise  or even mention the Plaintiff's brick and mortar location in any way and that nothing purchased on the website could be returned to any brick and mortar location.

---

[3] It must be noted that most of the lotions for sale at Plaintiff's location can be purchased at most any general retail store such as CVS, Target and Wal-Mart.
[4] As discussed later in the Complaint, websites for CVS, Target and Walmart, that are in fact specific to Missouri City locations, carry many similar items both on-line and in store.

45.     Plaintiff appealed the Defendant's Decision to the Zoning Board of Adjustment and Appeals ("Board"), pursuant to Section 18.2 of the Missouri City Zoning Ordinance and a hearing before the Board was held on February 23, 2022.

46.      The Board members voted to uphold the City's determination that Plaintiff was not permitted to operate in their current leased location since they did not fall within the types of retail stores in the LC-3 zone. No written decision was issued by the Board but it appeared that the Cindie's website was a significant factor in their determination that Plaintiff, a brick and mortar location, was an SOB.

47.     In reliance on representations made by various agents and officials of Defendant, Plaintiff expended significant time and resources in order to prepare this leasehold property to open a valid retail establishment.

48.     Plaintiff hired professional builders and contractors in order to secure permits from Defendant and ensure that all construction met the Defendant's codes.

49.     During the four (4) month build out, numerous Missouri City officials came through the location, including after inventory had been placed on shelves, and at no time was there any indication that the type and or amount of any specific inventory, or the interior lay out of the store would create any problem with the zoning designation of the location.

50.     At no time did Plaintiff mislead or hide the fact that some of its inventory was adult oriented. It should be noted that any videos or DVDs offered for sale at Plaintiff's business are all non-obscene, constitutionally protected adult erotic speech.

51.     It appears that the Defendant and its Board made determinations that various gag gifts, lotions, lubricants, massagers, and other items, all or most of which are also sold in

nearby retail establishments such as CVS, Target, Spencer's Gifts, Victoria's Secret and even Wal-Mart, are somehow "sexually oriented."

52.     Neither the Defendant nor its Board provided any explanation of how it applied the vague and ambiguous terms "significant" and "substantial" in its Ordinance, to the actual items proposed for sale in Plaintiff's brick and mortar location, and in relation to its interior displays or floor space.

53.      Defendant chose to ignore what Plaintiff was actually offering for sale, and instead, determined that because of an unaffiliated internet site, which sold products **not** offered by Plaintiff, the Plaintiff was now re- classified and not zoned for its current location. This determination defies logic.

54.     There can be no question that Defendant should treat Plaintiff, as their locations have been treated throughout Texas, as an ordinary retail store, because that is what they are.

**<u>APPLICATION FOR TEMPORARY RESTREAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF</u>**

55.     Plaintiff realleges the facts and allegations set forth in Paragraphs 1 through 54 and incorporate those facts and allegations into this Count by reference.

56.     The actions and policies of Defendant MISSOURI CITY, TEXAS have deprived and will continue to deprive Plaintiff, their employees, and patrons of rights guaranteed and protected by the First, Fifth and Fourteenth Amendments to the United States Constitution.

57.     In addition, under the principles of equity and Texas law, the applicant is entitled to injunctive relief when irreparable injury to real or personal property is threatened, irrespective of any remedy at law. See Texas Civil Practices and Remedies Code

§§65.011(3) and (5). Under Texas Property Code Section 21.046(a) an applicant seeking to prevent irreparable injury to real or personal property does not have to prove that there is no adequate remedy at law. *Id.*

58.     All of the Plaintiff's speech rights have been chilled now, and in the future, as they have been prohibited from opening their lawful retail business in the location they have leased and will suffer severe economic loss if the Defendant continues its enforcement of its unconstitutional ordinance.

59.     Unless the Defendant's ordinances, actions, policies and practices are enjoined by this Court, Plaintiff will suffer the continuing loss of its constitutional rights.

60.     Plaintiff has suffered irreparable injury and continue to suffer irreparable injury as a result of the Defendant's overly broad, vague and arbitrary ordinances, policies and practices.

61.     Plaintiff does not have a plain, adequate, or complete remedy to protect its constitutional rights and to redress the wrongs and illegal acts complained of, other than immediate and continuing injunctive relief.

62.     Plaintiff does not have an adequate remedy at law. Deprivation of rights guaranteed under the Constitution is an irreparable injury for purposes of injunctive relief. In cases involving the loss of First Amendment rights, such as in this case, damages are both inadequate and unascertainable.

63.     The public interest would be served by the granting of injunctive relief. In fact, the public interest is disserved by actions, such as those of Defendant, which interfere with the public's rights guaranteed under the First and Fourteenth Amendments.

64.     A permanent injunction will preserve Plaintiff's civil rights and will minimize the need to award extensive compensatory damages.

65.     Plaintiff has retained Lauren M. Serper, of the Law Offices of Lauren M. Serper, PC as its attorneys to represent them in this action and have agreed to pay them a reasonable fee, which fee Defendant must pay pursuant to 42 U.S.C. §1988.

## COUNT I
## DECLARATORY JUDGMENT – PLAINTIFF DOES NOT FALL WITHIN THE DEFINITION OF "ADULT NOVELTY STORE OR ADULT BOOKSTORE"

66.     Plaintiff re-alleges and incorporates paragraphs 1-65 of this Complaint as if fully set out herein.

67.     This is an action for a declaratory judgment brought pursuant to 28 U.S.C. §2201 and Chapter 37 of the Texas Civil Practices and Remedies Code, §37.001 *et seq*.

68.     This Court has jurisdiction over this cause of action for declaratory judgment under federal statute and the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

69.     Plaintiff seeks a declaratory judgment that they do not fall within the §18-701 definition of "adult novelty store or adult book store" and is therefore not incorrectly zoned for operations in their current leased location. Plaintiff is not  a sexually oriented business as defined in the Missouri City Code of Ordinances.

70.     Plaintiff alleges that they do not fall within the definition of an "adult bookstore or adult novelty store" found in §18.701 of the Missouri City Code of Ordinances. As a consequence, Plaintiff further alleges that it is not a sexually oriented business as defined in Appendix A Section 4(53) and Section 7.12 of the Missouri City Zoning Ordinance and

it is properly zoned as a LC-3 retail business under Section 7.12B of the Missouri City Zoning Ordinance.

71.    Plaintiff reasonably believed that they were properly designated as a generic retail store (equivalent to a lingerie boutique, or department store selling clothes, accessories and miscellaneous goods) and that they were correctly zoned for operations at their leased property location.

72.    Plaintiff based that belief on representations made by Defendant's officials, the small amount of sexually oriented merchandise offered for sale, the small amount of floor and display space used for such products and the fact that no other Cindie's location had ever been determined to be a sexually oriented business, including numerous locations throughout Texas.

73.     The Defendant's ordinance uses terms such as "significant" and "substantial" in its definition of SOBs. The ordinance does not further define these terms and gives no guidance on what percentages or portions of a business' inventory are required to support a designation as an SOB.

74.    Defendant's application of the ordinance and its determination can only be seen as arbitrary and capricious and unconstitutionally vague.

75.    The decisions of Defendant's officials and its Board can only be seen as a back-handed attempt to censor Plaintiff's First Amendment rights because of personal objections to the content of their speech.

76.    Plaintiff fully disclosed the nature of its business and proposed location  to Defendant prior to signing a lease and beginning its build out.

77.     Defendant's ordinance, on its face, does not provide adequate information to allow a reasonable person to understand what is required for compliance.

78.     Defendant's ordinance is unduly uncertain and any reliance upon it violated Plaintiff's Fourteenth Amendment rights to due process.

79.     Plaintiff is entitled to a declaration to interpret what is clearly a vague and ambiguous ordinance and resolve the conflicting interpretations.

80.     Plaintiff is also entitled to all supplemental relief provided under Texas law.

## COUNT II
## DETRIMENTAL RELIANCE

81.      Plaintiff re-alleges and incorporate all the facts and allegations contained in paragraphs 1-80 of this Complaint as if fully set out herein.

82.     Plaintiff openly applied for and obtained the necessary permits, licenses and inspections needed to operate a retail store selling a modest amount of sexually oriented media or products of interest to adult customers.

83.     Plaintiff specifically sought guidance from Defendant's agents and officials and was advised that it appeared that their intended retail use was properly zoned to their leased location.

84.     Plaintiff repeatedly suggested that Defendant's officials visit a nearby location that was fully operational so they could evaluate the inventory and display layout to ensure that there were no problems or compliance issues.

85.     Defendant chose not to do so but continued to approve Plaintiff's plans and pass Plaintiff through all necessary city inspections.

86.     In late December 2021, Plaintiff was told that they had passed the last inspection needed for issuance of the Certificate of Occupancy (CO).

87.     Despite all of its efforts, Defendant made a last minute decision to deny Plaintiff a CO, based on "observations" of an unnamed City inspector regarding the types of merchandise on display in the store.

88.     Plaintiff met with Defendant's official, Ms. Thomas-Gomez and provided a full inventory of all merchandise with designations of which products are generally considered to be sexually oriented and the percentages for each item.

89.     On December 30, 2021, Defendant sent a letter to Plaintiff advising them of zoning noncompliance and denial of their request for a CO. See Exhibit 3.

90.     Repeated requests by Plaintiff for an opportunity to meet with Defendant to identify the objectionable merchandise and modify its inventory were denied.

91.     Plaintiff has never been given any explanation of how the Defendant came to its determination; specifically, exactly what items of merchandise were identified as sexually oriented and what percentages were considered "significant" or "substantial".

92.     Plaintiff relied, to its severe detriment, on the representations of the Defendant's officials and, in particular on the licenses, permits and land use approvals issued by those officials.

93.     Plaintiff relied to its detriment on the Defendant's officials' representations that the proposed type of store and merchandise would be considered LC-3 retail under the City's zoning ordinances.

94.     Plaintiff obtained its lease in reliance on the representations made by Defendant's agents and officials regarding the Defendant's SOB definitions and zoning ordinances.

95.     Plaintiff would not have entered into a long-term lease at its current location and expended significant funds for a build-out, but for the Defendant's representations, actions and policies that indicated that Plaintiff's business was properly zoned for its location.

97.     Given the ambiguous and vague language in the ordinance and its unclear application, Plaintiff had no choice but to rely on the representations made to it by Defendant's officials. This reliance was reasonable.

98.     Equity demands that the Defendant honor its lawfully issued licenses, permits and zoning approval representations, that  Plaintiff be entitled to operate their business pursuant to those approvals, and that Plaintiff be compensated for any damages suffered by the unlawful denial of their CO.

## COUNT III

## SECTION 18-701 OF THE MISSOURI CITY CODE OF ORDINANCES IS UNCONSTITUTIONALLY OVERBROAD ON ITS FACE AND AS APPLIED

99.     Plaintiff re-alleges and incorporates all the facts and allegations contained in paragraphs 1-98 of this Complaint as if fully set out herein.

100.    Section 18-701 is unconstitutionally overbroad on its face and as-applied to the Plaintiff. This definition, as applied, violates Plaintiff's First Amendment right of free speech as well as that of other speakers in Missouri City.

101.    The definition of "adult novelty store" found in §18-701 is idiosyncratic and does not follow other SOB ordinance definitions  adopted in most other communities located in and around Missouri City, Texas.

102.    Most other communities regulate adult novelty stores and bookstores based on a defined and easily-determined percentage basis: sometimes, the percentage is based on

gross floor area open to the public; sometimes it is based on the inventory count; sometimes it is based on gross sales; sometimes it is based on a combination of one or more of those metrics.

103.    Defendant's Ordinance does not take that approach and it does not establish any initial threshold for inclusion within the definition. Instead a business is classified as an "adult novelty store or adult bookstore" if it has a " significant or substantial portion of its stock in trade, or which derives a significant or substantial portion of its revenues or devotes a significant or substantial portion of its interior business or advertising or maintains a substantial section of its sales or display space . . . "  for videos or printed materials of explicitly sexual nature" and/or "instruments, devices, paraphernalia, or other novelty that are designed for use or marketed primarily for stimulation of human genital organs or for sadomasochistic use." See  Exhibit 1, §18-701 of the Missouri City Code of Ordinances.

104.     The ordinance does not contain any further clarification of what the words "substantial" or "significant" mean.

105.    Without any guidance on what constitutes a "significant" or "substantial" amount of merchandise or floor space, the ordinance is facially overbroad and Defendant is free to arbitrarily determine that a business is "sexually oriented" without any way for a business to anticipate the required standard.

106.    Similarly, the broad definition contained in §18-701 regarding what type of items or products would be considered "sexually oriented" is also overbroad and somewhat vague.

107.     The definition, which states that "[i]nstruments, devices, paraphernalia, or other novelties that are designed for use or marketed primarily for stimulation of human genital

organs or for sadomasochistic" has been applied by Defendant to include things like lotions, condoms and other items that are not necessarily marketed "primarily" for genital stimulation.

108.    The combination of an ambiguous and vague definition with no clear standards as to how it should be applied, results in an Ordinance which is overbroad on its face because it conceivably includes within its scope retail stores which no one would normally consider to be an adult novelty store and are not generally regulated as such.

109.    An examination of common retail chains in the community illustrates the substantial overbreadth of Defendant's Ordinance:

A.      There is a Wal-Mart located at 9929 Highway 6, Missouri City, Texas that contains a book tore. An on-line search of books either physically present in that bookstore today or which can be ordered on-line and picked up at that store include such publications as *The Joy of Sex*, *Sex for one, The Joy of Mature Sex, the Joy of Gay Sex, The Kama Sutra: the Book of Sex Positions, The Kama Sutra Workout*, *Sex Mastery : the Complete Guide to Sex* as well as numerous other publications that meet the definition for sexually oriented books and printed material contained in §18-701. *See* the book search function at https://walmart.com/serach? (last accessed on 3/21/22).  Each of those publications is clearly "distinguished or characterized by their emphasis upon the depiction, display, touching of human genitals, pubic regions, buttocks, anus of female breasts or the acts of sexual intercourse, masturbation, oral copulation, sodomy or the simulation of the performance of a sex act."  Some of these publications are available in the store but all can be ordered and picked up at this Missouri City location.

B. There are several Game Stop stores located in or near Missouri City, and specifically one located at 5950 Highway 6, Missouri City, Texas. That chain sells video games which are universally understood to include communicative content protected by the First Amendment. *See, generally*, Brown v. Ent. Merchants Ass'n, 564 U.S. 786, 131 S. Ct. 2729 (2011). Video games noted for their sexual content are in stock in the Missouri City Game Stop store, including *The Witcher III: Wild Hunt* https://www.gamestop.com/search/?q=the%20witcher%20iii%3A%20wild%20hunt%20-%20xbox%20one&suggestionV=2 and *Grand Theft Auto V* *https://www.gamestop.com/search/?q=grand%20theft%20auto%20v&suggestionV=2*. As well as other games that contain sexually explicit material.

110. The Wal-Mart located in Missouri City also stocks a variety of personal massagers and vibrators, which are identified as personal pleasure massagers for men and women, inside its store as well as being listed as available for pick up on its website. *See*.https://www.walmart.com/search?q=personal%20massagers%20pleasure&typeahead=personal%20massagers%20pleasure

111. In fact, the Missouri City Wal-Mart website has several categories advertising vibrators, men's adult toys, anal toys, partner toys, lubricants, dildos and all adult toys. *See* https://www.walmart.com/browse/health/dildos/976760_1414629_1811332, https://www.walmart.com/browse/health/mens-adult-toys/976760_1414629_2094164, https://www.walmart.com/browse/health/adult-toys/976760_1414629_4054919 https://www.walmart.com/ip/Dual-Vibrating-Massager-Cordless-Vibrator-Silicone-10-Powerful-Vibration-Modes-G-Sport-Clitoral-Stimulator-Rabbit-Adult-Sex-Toys-Women-

https://www.walmart.com/ip/Cake-Stroker-Doubled-Sided-Male-Sex-Toys-Masturbator/388827865. [5]

112.    Each of those stores, as well as other large retailers such as CVS and Target could be categorized as either an "adult bookstore" or an "adult novelty store" under Defendant's Ordinance because each of them sells movies, video games and print materials which emphasize "the depiction, display, touching of human genitals, pubic regions, buttocks, anus of female breasts or the acts of sexual intercourse, masturbation, oral copulation, sodomy or the simulation of the performance of a sex act." and/or because  they display and sell sex toys and other devices "marketed primarily for sexual stimulation of human genitals."

113.    The ordinance as written, does not quantify the terms substantial, significant in any meaningful way, so it is possible that any of these retailers could be determined to be a sexually oriented business and subject to the zoning ordinance restrictions.

114.    Although it can be argued that these bookstores, video game stores and large retailers are not adult bookstores or adult novelty stores under any reasonable conception of the term, the overly broad language of the ordinance and its arbitrary application, could and in fairness, should, be applied to all these businesses that clearly sell products similar to those that Plaintiff intends to sell at its location in Missouri City. [6]

---

[5] It must be noted that these products are available for in store pick up at the Missouri City Wal-Mart location and appear to also  be available on the store's shelves. Unlike the Cindie's website, which is NOT store specific, did not allow for an in store pick up and had items on it that were not available for purchase in the store nor could such items be returned to a brick and mortar store.

[6] Plaintiff is aware that these larger retailers also have a larger over all inventory of merchandise so the % of "adult" items is likely to be small. But given the vague and unclear nature of the ordinance, there is no way for a business to tell what percentage of items or even what items themselves,  will result in change their designation. All are subject to the arbitrary and capricious whims of Defendant. It should also be noted that in addition to the stores identified here, there are likely hundreds of other smaller stores throughout the community such as convenience stores, pharmacies, smoke shops and other general retailers that carry items that could be considered "adult."

115.     The substantial overbreadth cannot be cured through a limiting construction nor would a limiting construction be appropriate as the Code says what it says. Accordingly, the ordinance is unconstitutional and cannot be enforced.

## COUNT IV

## SECTION 18-701 OF THE MISSOURI CITY CODE OF ORDINANCES IS UNCONSTITUTIONALLY VAGUE ON ITS FACE

116.     Plaintiff realleges the facts and allegations set forth in Paragraphs 1 through 115 and incorporates those facts and allegations as if fully set forth herein.

117.     This is an action for declaratory relief and injunctive relief brought by Plaintiff under this Court's general jurisdiction and pursuant to 28 U.S.C. §2201 and 42 U.S.C. §1983.

118.     Section 18-701 is unconstitutionally vague on its face and violates Plaintiff's First Amendment right of free speech as well as that of other speakers in Missouri City, and the Plaintiff's right to due process under the Fourteenth Amendment.

119.     Plaintiff alleges that they do not fall within the definition of an "adult bookstore" or "adult novelty store" found in §18-701.  As a consequence, Plaintiff further alleges that they are not subject to regulation as an "adult bookstore" or "adult novelty store" and should be issued a CO to operate at their current location in the LC-3 retail district identified in Defendant's zoning ordinance.

120.     Based on representations from Defendant and a reasonable degree of common understanding based on the language in the ordinance, Plaintiff reasonably believed that it was properly defined as a generic retail store (equivalent to a lingerie boutique, or department store selling clothes, accessories and miscellaneous goods).

121.    This belief is based on the fact that adult oriented or sexually themed merchandise comprise less than 20% of Plaintiff's inventory and even less of their floor and display space.

122.     Cindie's locations in other nearby municipalities, which carry similar inventory to Plaintiff, most of which have SOB and zoning ordinances with similar provisions to that of Defendant, have never designated a Cindie's store as a sexually oriented business.

123.    All locations have been considered retail businesses and are open and operating without the need for any SOB licenses and in areas zoned for general retail businesses.

124.    The definition of the terms "adult bookstore and adult novelty store" as defined in §18-701 of the Missouri City Code of Ordinances, is unconstitutionally vague because its provisions are undefined, encourage arbitrary enforcement, and do not allow a person of common intelligence to determine what activities fall within the scope of the term.

125.    Those inherently vague terms and undefined terms include the words "substantial" and "significant" as they are used in §18-701. The ordinance does not specify or define what amount of a business' "stock in trade", "revenue", " interior business", "advertising" or "display space" is considered "substantial" or "significant."

126.    These words must be read in context and construed according to customary usage. Common dictionary meanings for significant include "sufficiently great or very important, to be worthy of attention" and the first definition in the Oxford English dictionary for the word substantial is "of considerable importance, size or worth."

127.    The small portion of Plaintiff's inventory that can be considered sexually oriented is clearly too small and incidental to be considered significant or substantial.

128.    In addition, the words "stock in trade", "revenue", " interior business", "advertising" or "display space" are also vague and undefined and can have numerous meanings.

129.    It is not clear whether "interior business" means floor space or if "display" space includes floor space or just certain display areas and there is no clarity on what constitutes a "display"-items on a shelf or in a case?  It is presumed that "stock in trade" refers to inventory but that too is unclear. The word "advertising" is also not defined and it is not clear what is included; signs outside the store, print advertising, websites for the specific store location, etc.?

130.    There is also no instruction provided on how an official is supposed to calculate the area occupied by products on "display" or the "interior business" or any of the other space-related portions of the ordinance.

131.    For instanc,e is the square footage of the location used or is another measure of the retail space required to determine "interior business" ?

132.    Given the extreme vagueness and ambiguities inherent in the ordinance, Plaintiff was faced with uncertainty as to the proper interpretation of §18-701 and despite numerous requests, received no substantive guidance from Defendant.

133.    Plaintiff relied on representations made by the Defendant and its prior experience with other municipalities and similar, albeit better defined, ordinances to reasonably conclude that they were not a sexually oriented business.

134.    The actions of Defendant and its Board support Plaintiff's vagueness challenges as there has been no explanation of how the Defendant applied the ordinance, specifically

what products or merchandise were considered in arriving at the determination and what amounts were determined to be "significant" or "substantial."

135.    It is asserted that Defendant and its Board took purposeful advantage of the vagueness in the ordinance to bar Plaintiff from operation in its leased location at their total unbridled discretion.

136.    Throughout the permit and inspection process, Plaintiff made Defendant fully aware of the nature of Plaintiff's business, including providing Defendant with access to similar locations in nearby communities so actual inventory could be viewed.

137.    Defendant issued the necessary permits and conducted various inspections of the leased location without any indication that there would be any zoning issues for Plaintiff's business.

138.    The Defendant's actions, based on the whim of an individual official who allegedly "observed" certain inventory, coupled with their unwillingness to discuss or explain their decision, only serve to underscore the arbitrary and capricious enforcement of this vague ordinance

139.    Plaintiff's uncertainty as to the proper interpretation of §18-701 and their status as a generic retail store is further exacerbated by the Defendant's unequal enforcement of the ordiance. Upon information and belief, it is asserted that Defendant has not examined numerous other retail stores that sell similar amounts of adult merchandise in order to determine if they meet the definitions in the ordinance.

140.    Because the unconstitutionally vague portions of §18-701 are pervasive and include the fundamental definition upon which the entire regulation of "adult bookstores" and "adult novelty stores" depend, no portion of this ordinance may be enforced.

## COUNT V

## SECTION 18-701 VIOLATES THE FIRST AMENDMENT BECAUSE IT IS NOT NARROWLY TAILORED AND DOES NOT FURTHER ANY SUBSTANTIAL GOVERNMENT INTEREST

141.    Plaintiff realleges the allegations and facts set forth in Paragraphs 1 through 140 and incorporates those facts and allegations as if set forth verbatim herein.

142.    Plaintiff is uncertain as to its rights and remedies under the Missouri City Code of Ordinances, as it has been applied to Plaintiff in violation of the First Amendment to the United States Constitution.

143.    Section §18-701 is not narrowly tailored and does not advance any substantial governmental interest commensurate with the burden on free speech.

144.    The Defendant's attempt to regulate adult bookstores and adult novelty stores is not narrowly tailored because the definition of "adult bookstore" and "adult novelty store" extends beyond the limited type of businesses which are thought to generate adverse secondary effects and includes generic retail stores which are not associated with those effects.

145.    Plaintiff operates a retail establishment in which the vast majority of the products it sells are not sexually explicit, but consist of ordinary lingerie, club wear,  accessories, gag gifts, lotions and the like.

146.    Plaintiff's store more closely resembles a lingerie boutique or gift store rather than any adult business lawfully subject to regulation under the doctrine of adverse secondary effects.

147.    Upon information and belief, during the enactment of §18-701 and the zoning ordinance, Defendant failed to evaluate or consider less restrictive means of regulation.

148.    Laws and ordinances in other jurisdictions do not employ the broad and exceptionally vague language found on the face of §18-701, which fails to define the amount of adult products that will require a business to be classified as an SOB.  Most such ordinances apply only to businesses which sell a certain percentage of adult products measured precisely in terms of square footage of retail space, percentage of inventory or percentage of gross sales.

149.    The ready availability of alternate regulations which serve the government interest equally well demonstrate the fact that Defendant has made no effort to adopt a narrowly tailored definition.

## COUNT VI

## VIOLATION OF THE EQUAL PROTECTION CLAUSE

150.    Plaintiff re-alleges the facts and allegations set forth in Paragraphs 1 through 149 of this Complaint and incorporates those facts and allegations as if set forth verbatim herein.

151.    This is an action for declaratory relief and injunctive relief brought by the Plaintiff under this Court's general jurisdiction and pursuant to 28 U.S.C. §2201 and 42 U.S.C. §1983.

152.    Plaintiff is uncertain as to its rights and remedies under the Missouri City  Code of Ordinances, as it has been applied to Plaintiff in violation of the Equal Protection  Clause of the Fourteenth Amendment to the United States Constitution.

153.     Upon information and belief, the Defendant's interpretation and application of §18-701 violates Plaintiff's Fourteenth Amendment rights because the definition of "adult bookstore" and "adult novelty store "has been applied selectively for the purpose of prohibiting Plaintiff from operating while the Defendant  ignores similarly situated retail stores.

154.     Plaintiff asserts that their business format is comparable to a number of  types of retail stores in Missouri City including, bookstores, video game stores, lingerie boutiques, gift stores. All of which sell a modest number of sexually oriented products.

155.     In addition to those general categories of retail stores, as noted above, several larger retail chain stores, located in Missouri City, Texas, including Wal-Mart, CVS and Target, all sell the same or similar adult products as Plaintiff.

156.     In additional to the examples provided above, the CVS store located at 1610 Cartwright Road, Missouri City Texas, and the Target store located at 6000 Highway 6, Missouri City, Texas 77459 have in stock and available on its shelves a variety of sex toys such as :



https://www.cvs.com/shop/plusone-personal-massager-prodid-2600062

https://www.target.com/s?searchTerm=+massagers&facetedValue=kq7ui



https://www.cvs.com/shop/trojan-vibrations-ultra-touch-intense-personal-massager-prodid-875330



https://www.target.com/p/trojan-bullet-variable-speed-vibrating-massager/-/A-47911017#lnk=sametab

157.     These are just a few examples of the numerous items, which can also include condoms, lotions and herbal products, that conventional retailers like Wal-Mart, Target and CVS stock on their shelves in Missouri City, Texas that are similar to items sold by Plaintiff.

158.     Upon information and belief, Defendant has never investigated or sought to apply the SOB definition to other retail stores that sell comparable products.

159.     There is no justification to treat Plaintiffs differently from all other retail stores which sell comparable products in comparable locations.

160.     The Defendant has intentionally treated the Plaintiff differently from others similarly situated and there is no rational basis for the difference in treatment.

161.     There is no compelling reason to treat Plaintiff differently from similarly situated retail stores in the community.

162.     Defendant has selectively enforced the ordinance and interpreted it in a way that discriminates against the Plaintiff and has denied its right to operate in its proper location.

163.     Defendant has acted arbitrarily and capriciously in its application of the ordinance in violation of the due process rights of Plaintiff.

163.     Plaintiff has a right to have this Court declare its rights under the Fourteenth Amendment as those rights are restricted and infringed by the policies, practices and actions complained of herein.

## **JURY DEMAND**

164.     Plaintiff demands a trial by jury on all issues so triable as matter of right.

**PRAYER FOR RELIEF**

165.    For all the foregoing reasons, Plaintiff respectfully requests the following relief:

A.    That this Court takes jurisdiction over the parties in this cause and grant all the requested declaratory and injunctive relief described herein and below;

B.    That this Court enter a judgment declaring  that Plaintiff is not an "adult novelty store or adult book store" under the definition set forth under  Section 18-701 of the Missouri City Code of Ordinances and is not subject to regulation under Article 18 and that Plaintiff's store location is properly zoned under Section 7.12 of Missouri City Zoning Ordinance;

C.    That this Court determine and declare that §18-701 of the Missouri City Code of Ordinances is unconstitutionally overbroad on its face and as-applied so that no portion of §18-701 can be enforced against the Plaintiff;

D.    That this Court determine and declare that the definition of "adult bookstore" and "adult novelty store" found in §18-701 of the Missouri City Code of Ordinances is unconstitutionally vague, that the unconstitutional provisions are not severable from the remainder, and that no portion of the ordinance relative to "adult bookstores" or "adult novelty stores" may be enforced;

E.    That this Court determine and declare that §18-701 of the Missouri City Code of Ordinances violates the First and Fourteenth Amendments of the United States Constitution and is therefore unenforceable;

F.    That this Court determine and declare that the definition of "adult bookstore" and "adult novelty store" found in §18-701 of the Missouri City Code  is not

narrowly tailored and does not advance a substantial government interest as required under intermediate scrutiny;

G.      That this Court declare that the Defendant's selective and unequal interpretation and enforcement of §18-701 violates Plaintiff's Equal Protection and Due Process rights as guaranteed by the Fourteenth Amendment to the United States Constitution;

H.      That this Court issue an Order enjoining the Defendant from enforcing §18-701 of the Missouri City Code of Ordinances against the Plaintiff and requiring Defendant to immediately issue a Certificate of Occupancy to Plaintiff;

I.      That this Court enter an Order permanently enjoining Defendant Missouri City from enforcing §18-701 against Plaintiff's business and immediately order Defendant issue a certificate of occupancy for Plaintiff's current location and allow them to open for business.;

J.      That this Court award Plaintiff all of its recoverable costs and damages, including reasonable attorney's fees pursuant to 42 U.S.C. §1988;

K.      That this Court award Plaintiff all of its actual and compensatory damages suffered as a result of Plaintiff's detrimental reliance on representations of Defendant; and

L.      That this Court award Plaintiff all other relief in law and in equity to which Plaintiff may be entitled.

Respectfully submitted,
LAW OFFICES OF LAUREN M. SERPER, PC

*/s/ Lauren M. Serper*
By:_____
LAUREN M. SERPER
Texas Bar No. 18032100
Fed. Id 7334

3405 Edloe, Suite 200
Houston, Texas 77027
(713) 278-9398 – Telephone
(713) 785-0808 – Facsimile
laurenserper@gmail.com

**ATTORNEY FOR PLAINTIFF**